873 F.2d 1452
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Salvatore LENTINI, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3347.
 United States Court of Appeals, Federal Circuit.
 April 19, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner Lentini appeals the final decision of the Merit Systems Protection Board (MSPB or board), MSPB No. NY035387C0482 (1988), dismissing as moot his petition for enforcement of a board order. We affirm in part and reverse in part.
 
 OPINION
 
 2
 Petitioner, a letter carrier for the United States Postal Service, suffered a work-related back injury on December 7, 1953, but returned to work in February 1954. On February 23, 1976, he reopened his case by filing a notice of recurrence of disability. He sought and received workmen's compensation from 1976 until May 11, 1986, when upon investigation and physical reexamination he was found fit for duty, without residuals from the 1953 injury.
 
 
 3
 It is uncontested that under 5 U.S.C. Sec. 8151(b)(2) (1982) and 5 C.F.R. Sec. 353.307 (1988) petitioner was entitled to priority consideration for reemployment in his prior or comparable position after termination of his compensation benefits. The Postal Service, however, would not reemploy petitioner because of its understanding that by then he suffered from heart disease. Petitioner contested this and eventually the parties settled their dispute with a stipulation that petitioner would undergo a fitness-for-duty examination at a designated hospital in New Jersey by a cardiologist who would make findings as to whether petitioner was disabled from serving as a letter carrier or clerk in the Postal Service. If found fit therefor it was further agreed that he would be restored to employment within 3 weeks of the receipt of the doctor's report. If found unfit, the pending appeal to the MSPB would be dismissed with prejudice. This agreement was read into the record before the administrative judge and the appeal was "dismissed as settled" on September 16, 1987, with the board retaining jurisdiction to enforce the settlement terms.
 
 
 4
 In his report of December 14, 1987, the cardiologist, Dr. Kostis, found petitioner to be physically fit. When petitioner was not restored to employment within 3 weeks thereafter as stipulated he filed an enforcement action with the MSPB. The agency responded with a letter dated December 21, 1987, from another cardiologist, Dr. Rudnitzky, who had treated petitioner in 1985-86, expressing the view that petitioner "could" have heart disease but that he was unable to say whether petitioner was able to work.
 
 
 5
 In a recommendation on the enforcement issue, dated February 1, 1988, the administrative judge rejected Dr. Rudnitzky's letter as not based on recent observation. It was also held that the agency had not complied with the settlement agreement since it did not restore petitioner to a carrier or clerk position within 3 weeks of the receipt of Dr. Kostis's report of December 14, 1987. In an order issued March 10, 1988, the MSPB threatened to impose sanctions for noncompliance. Thereupon, in a letter dated March 15, 1988, the Postal Service advised petitioner that he would be reinstated effective March 26, 1988, and asserted compliance with the board's decision and order. Petitioner filed no response. Upon review the board dismissed the petition for enforcement as moot on June 3, 1988. This was the board's last and final order, appealed on July 8, 1988.
 
 
 6
 Petitioner alleges that the board erred by failing to award credit toward retirement and related benefits covering the entire period between May 11, 1986, when payment of workmen's compensation ceased, and March 26, 1988, when he was restored to employment. Further, it is claimed that the MSPB erred in not ordering the payment of back salary for the same period. It is argued that petitioner was thus not made whole as a result of correction of the unlawful action of the Postal Service.
 
 
 7
 At the oral argument before the court, counsel for the Postal Service conceded that a mistake had been made in refusing to begin compensation within 3 weeks after the doctor's report of December 14, 1987, which pronounced petitioner physically fit for reinstatement and duty. The commitment was made to pay him pursuant to the authority and direction contained in section 436 of the Postal Service's Employee and Labor Relations Manual. This action would comply with the directions of the MSPB which upheld the settlement agreement found violated by the Postal Service. Respondent continued to reject petitioner's claim for payment dating from May 11, 1986.
 
 
 8
 The case has been complicated by petitioner's alternative claim raised at oral argument that at the very least he is entitled to compensation from October 16, 1987, the date of a letter from Dr. Kostis pronouncing petitioner physically fit for reemployment. That letter was not a part of the appeal record but was furnished to the court at its request along with a copy of the doctor's subsequent letter of December 14, 1987, relied on by respondent.
 
 
 9
 The parties agree that the only issue remaining for decision is which of the three dates will start the running of compensation. As to petitioner's reliance on the May 11, 1986 date, we reject it as vitiated by the stipulation that employment would resume within 3 weeks after the findings by Dr. Kostis that petitioner was physically fit.
 
 
 10
 The stated reason of the Postal Service as to why the October 16, 1987 findings by Dr. Kostis were not definitive was that he erroneously stated that petitioner's prior hospital examination records had been destroyed by a fire and were not available to him for review. In this he was in error. The agency obtained and furnished those records to Dr. Kostis and the administrative judge furnished him additional time to examine them. The December 14, 1987 letter reaffirmed Dr. Kostis's earlier conclusion that petitioner suffered no disabling heart condition.
 
 
 11
 The February 1, 1988 decision of the administrative judge reasonably concluded and recommended that the December letter, when considered together with the October letter, made it clear that petitioner was able to work but that the October letter alone did not fully support such a finding because Dr. Kostis did not have before him in October the full medical history of Mr. Lentini. Accordingly, he found that the agency should have restored petitioner within 3 weeks of the December 14, 1987 letter. This finding was not challenged by Mr. Lentini until oral argument before the court. We find the MSPB decision of February 1, 1988 supported by substantial evidence and not arbitrary, capricious, or otherwise unlawful.
 
 CONCLUSION
 
 12
 It is this court's conclusion pursuant to 5 U.S.C. Sec. 7703(c) (1982) that the MSPB erred in its decision of June 3, 1988, dismissing the enforcement petition as moot by reason of the agreement of the Postal Service to reinstate petitioner on March 26, 1988. This was in error because the settlement agreement mandated an earlier date for reinstatement. Also, there is the obvious issue of compensation flowing from violation of the settlement agreement, an entitlement now corrected by concession. On these matters we reverse the board.
 
 
 13
 We affirm the board in its holding of February 1, 1988, that the settlement agreement or stipulation was legally binding on the parties and that the Postal Service did not comply with it, thus subjecting itself to an enforcement action which, however, was improperly dismissed as moot for reasons we have addressed.
 
 
 14
 Finally, we affirm the board in its holding of February 1, 1988, that compensation to petitioner should date from 3 weeks following December 14, 1987.
 
 COSTS
 
 15
 The parties will bear their own costs.